Ramanujan Nadadur (Cal Bar No. 315718)
(Email: Anuj_Nadadur@nskumarlaw.com)
11620 Wilshire Blvd, Suite 250
Los Angeles, California 90025
Telephone: (310) 479-1383
Facsimile: (310) 479-1393

Attorneys for Petitioner
FABIAN JIMENEZ-GARCIA

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

| | |
|---|---|
| FABIAN JIMENEZ-GARCIA<br><br>A# 095-728-245<br><br>Petitioner,<br><br>v.<br><br>WARDEN, DESERT VOEW FACILITY, ADELANTO ICE PROCESSING CENTER; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, TODD BLANCHE, ATTORNEY GENERAL OF THE UNITED STATES<br><br>Respondents. | Case No.<br><br>**PETITION FOR WRIT OF HABEAS CORPUS** |

## I. INTRODUCTION AND FACTUAL BACKGROUND

1. Fabian Jimenez-Garcia ("Mr. Jimenez-Garcia"), a native and citizen of Mexico, is a long-time resident of Southern California. He first entered the United States several years ago, and Respondents initiated removal proceedings against him on September 14, 2020. (Ex. A, EOIR Automated Information.) As relief from removal, he applied for non-Lawful Permanent Resident cancellation of removal under 42B. *See* 8 U.S.C. § 1229b(b). (Ex. B, Employment Authorization Card Showing Category C10, granted to people who have pending applications for cancellation of removal; Ex. C, Ninth Circuit Decision.)
2. The immigration court denied his application for cancellation of removal on February 19, 2021. (Ex. A, EOIR Automated Information.) He appealed to the Board of Immigration Appeals, which dismissed his appeal on June 9, 2023. (Ex. A, EOIR Automated Information.) Mr. Jimenez-Garcia then appealed the Board's denial to the Ninth Circuit Court of Appeals. (Ex. C, Ninth Circuit Decision; Ex. D, Ninth Circuit Docket.) The Ninth Circuit denied his appeal on May 16, 2025. (Ex. C, Ninth Circuit Decision.)
3. The mandate on the Ninth Circuit appeal issued on July 8, 2025, at which point the stay of removal expired, and Respondents could have removed Mr. Jimenez-Garcia from the United States to Mexico. (Ex. D, Ninth Circuit Docket.) Respondents elected not to remove Mr. Jimenez-Garcia after the Ninth Circuit issued its mandate.
4. During and after the conclusion of his removal proceedings, Respondents released Mr. Jimenez-Garcia pursuant to an order of supervision. Mr. Jimenez-Garcia checked in with Respondents based on the schedule provided to him by Respondents. (Ex. E, ICE Check-In Documents.) He also received employment authorization during his period of supervision. (Ex. B, Employment Authorization.)
5. Mr. Jimenez-Garcia checked in with Respondents on October 15, 2025 and April

13, 2026. (Ex. E, ICE Check-In Documents.) Both dates came after the Ninth Circuit issued its mandate. On both dates, Respondents decided to continue Mr. Jimenez-Garcia on supervision.

6. Over the past several years, including in the one year since the mandate issued in the Ninth Circuit decision, Mr. Jimenez-Garcia developed a protected liberty interest in his freedom in the United States. He lived with his wife, Karla Ramirez-Urias, (Ex. F, Marriage Certificate), and he developed connections to family and friends, (Ex. I, Good Moral Character Letters.) His wife, Ms. Ramirez-Urias is a recipient of Deferred Action for Childhood Arrivals ("DACA"). (Ex. G, Employment Authorization for Karla Ramirez-Urias under Category C33, which is given to DACA recipients.) Mr. Jimenez-Garcia helped to raise and financially support three U.S.-citizen children: Nataly Jimenez Ramirez, Aurora Jimenez Ramirez, and Skarlet Jimenez Ramirez. (Ex. H, Birth Certificates of Children.) His youngest daughter, Skarlet, was born on April 27, 2025.

7. In his penultimate check-in, Mr. Jimenez-Garcia checked in with Respondents on April 13, 2026. (Ex. E, ICE Check-In Documents.) At this time, Respondents ordered him to check in again on October 13, 2026. (Ex. E, ICE Check-In Documents.) On the latter date, Respondents re-detained Mr. Jimenez-Garcia. Prior to his re-detention, Respondents did not provide him with notice or an opportunity to be heard regarding his re-detention. Respondents also did not provide him with notice or an opportunity to be heard regarding his removal to any third country.

8. Following his re-detention, Respondents have been holding Mr. Jimenez-Garcia at the Desert View Facility, Adelanto ICE Processing Center.

**Search Results: 1**

**FABIAN JIMENEZ-GARCIA**

**Country of Birth :** Mexico
**A-Number:** 095728245
**Status :** In ICE Custody
**State:** CA
**Current Detention Facility:** DESERT VIEW FACILITY
** Click on the Detention Facility name to obtain facility contact information*

BACK TO SEARCH >

9. To vindicate Mr. Jimenez-Garcia's constitutional, statutory, and regulatory rights, this Court should grant the instant petition for a writ of habeas corpus and order him released from custody forthwith on the same conditions of supervision that were previously in place. The Court should also enjoin Respondents from removing Mr. Jimenez-Garcia to a third country without notice or an opportunity to be heard regarding his fear of torture or persecution in that third country.

## II. JURISDICTION

10. This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 et seq.

11. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, § 9, cl. 2 of the United States Constitution (Suspension Clause).

12. This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 et. seq., the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the All Writs Act, 28 U.S.C. § 1651.

## III. VENUE

13. Venue is proper because Petitioner is detained at the Desert View Facility, Adelanto ICE Processing Center in Adelanto, CA, which is within the jurisdiction of this District.

14. Venue is proper in this District because Respondents are officers, employees, or agencies of the United States, and Petitioner resides in this District. 28 U.S.C. §

1391(e).

## IV. REQUIREMENTS OF 28 U.S.C. § 2243

15. The Court must grant the petition for writ of habeas corpus "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, the Court must require Respondents to file a return "within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id*.

16. Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (emphasis added).

17. Petitioner is currently detained at the Desert View Facility, Adelanto ICE Processing Center in Adelanto, CA. He is in the custody, and under the direct control, of Respondents and their agents.

18. Respondent is the Warden of the Desert View Facility, Adelanto ICE Processing Center, and she/he has immediate physical custody of Petitioner pursuant to the facility's contract with U.S. Immigration and Customs Enforcement to detain noncitizens and is a legal custodian of Petitioner. The Warden is a legal custodian of Petitioner.

19. Respondent Markwayne Mullin is sued in his official capacity as the Secretary of the U.S. Department of Homeland Security ("DHS"). In this capacity, Respondent Mullin is responsible for the implementation and enforcement of the Immigration and Nationality Act, and oversees U.S. Immigration and Customs Enforcement, the component agency responsible for Petitioner's detention. Respondent Mullin is a legal custodian of Petitioner.

20. Respondent Todd Blanche is sued in his official capacity as the Attorney General of the United States and the senior official of the U.S. Department of

Justice (DOJ). In that capacity, he has the authority to adjudicate removal cases and to oversee the Executive Office for Immigration Review (EOIR), which administers the immigration courts and the BIA. Respondent Blanche is a legal custodian of Petitioner.

## V. LEGAL ARGUMENT

### A. Mr. Jimenez-Garcia Is Entitled to Immediate Release Because Respondents Re-Detained Him and Deprived Him of His Protected Liberty Interest Without Providing Him Any Process.

20. Mr. Jimenez-Garcia was re-detained, following his initial release from Respondents' custody and grant of an order of supervision, without any notice or opportunity to be heard. This deprived him of his constitutional, statutory, and regulatory due process rights. Due process requires that Mr. Jimenez-Garcia be released from custody forthwith. *See, e.g.*, *BASMAN ABDULAHAD, Petitioner, v. MARKWAYNE MULLIN, et al., Respondents*, No. 5:26-CV-00526-MWF-DSR, 2026 WL 3092334, at *7 (C.D. Cal. Oct. 15, 2026) ("[L]aw and justice require Petitioner to be afforded notice and a hearing prior to the deprivation of his liberty interest, and a permanent injunction enjoining Respondents from (again) re-detaining Petitioner absent those safeguards is appropriate."); *Hernandez-Gomez v. Semaia*, No. ED CV 26-1673-FWS(E), 2026 WL 1123471, at *2 (C.D. Cal. Apr. 22, 2026), *report and recommendation adopted*, No. 5:26-CV-01673-FWS-E, 2026 WL 1511078 (C.D. Cal. May 29, 2026) ("In the present case, without prior notice, without evidence of the violation of any of the conditions of supervision, and without any material change in circumstance since the December, 2024 implementation of supervision, ICE abruptly revoked supervision and re-detained Petitioner. ICE thereby violated Petitioner's due process rights.")

21. The Fifth Amendment provides that "[n]o person" shall "be deprived of life, liberty, or property, without due process of law," including in removal

proceedings. *See Reno v. Flores*, 507 U.S. 292, 306 (1993). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty th[e Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Thus, "adequate procedural protections" are required to ensure detention "outweighs the 'individual's constitutionally protected interest in avoiding physical restraint.'" *Id.*

22. After the immigration agencies issued a final order of removal, Mr. Jimenez-Garcia was released by Respondents on an order of supervision. This order of supervision continued after the Ninth Circuit issued its issued, and the stay of removal expired. Respondents could have begun the process of removing Mr. Jimenez-Garcia at his October 15, 2025 check in or his April 13, 2026 check in. On both occasions, Respondents continued Mr. Jimenez-Garcia on supervision, and permitted him to remain at liberty.

23. During this release, including in the more than one-year period since the Ninth Circuit issued its mandate, Mr. Jimenez-Garcia developed a strong protected liberty interest in the United States. He lived with his wife; raised his U.S.-citizen children; worked with authorization to financially support his family; and forged connections to family and friends.

24. His re-detention, without notice or an opportunity to be heard on October 13, 2026, deprived him of his liberty without adequate constitutional or statutory due process. The remedy for this due process violation is immediate release. *See GUSTAVO GALAVIZ RUIZ, Petitioner, v. J. JOHNSON, et al., Respondents.*, No. 5:26-CV-05896-RAO, 2026 WL 3151298, at *2 (C.D. Cal. Oct. 21, 2026); *BRAYAN ALEXANDER LOPEZ-RIVAS v. ERNESTO SANTACRUZ, JR., et al.*, No. 5:26-CV-02169-AYP, 2026 WL 1288651, at *9 (C.D. Cal. May 7, 2026); *Emer Rivas Quijada v. Fereti Semaia et al.*, No. 5:26-CV-01540-AB-DSR, 2026 WL 1182196, at *7 (C.D. Cal. Apr. 20, 2026).

25. Aside from the Due Process Clause, Respondents' actions violated the

Immigration and Nationality Act and 8 C.F.R. § 241, the regulation governing the revocation of an Order of Supervision. Under Section 241.4, release previously granted may be revoked by the "Executive Associate Commissioner" or "the district director ... when, in the director's opinion, revocation is in the public interest and circumstances do not reasonably permit referral of the case to the Executive Associate Commissioner." 8 C.F.R. § 241(l)(2). To revoke release under Section 241.4, the proper official must find that: (i) "[t]he purposes of release have been served"; (ii) the noncitizen has violated a condition of release; (iii) "[i]t is appropriate to enforce a removal order or to commence removal proceedings against" the noncitizen; or (iv) the noncitizen's conduct, "or any other circumstance, indicates that release would no longer be appropriate." *Id.* § 241.4(l)(2). Upon such revocation, the noncitizen (1) "will be notified of the reasons for revocation of his or her release" and (2) will be given "an initial informal interview promptly after his or her return to [ ] custody to afford the [noncitizen] an opportunity to respond to the reasons for revocation stated in the notification." *Id.* §§ 241.4(l)(1), 241.13(i)(3). "In simpler terms, in order to revoke release, the government must notify the noncitizen of the reason for the revocation and give them both an informal and formal interview." *Delkash v. Noem*, No. 5:25-cv-01675-HDV-AGR, 2025 WL 2683988, at *4 (C.D. Cal. Aug. 28, 2025).

26. Respondents did not comply with these statutory and regulatory requirements in detaining Mr. Jimenez-Garcia because they detained him with no pre-deprivation process at all. Therefore, beyond failing to comply with constitutional dictates, they also failed to comply with their own statute and regulations. *See, e.g.*, *Morataya Lemus v. Warden, Desert View Facility*, No. 5:26-CV-04433-MAR, 2026 WL 2434778, at *3 (C.D. Cal. Aug. 19, 2026) (ordering release for an individual who was detained in violation of the statutory and regulatory requirements for revoking the supervision of an individual with a final order of

removal).

**B. Respondents Cannot Remove Petitioner to a Third Country Absent Adequate Procedural Protections.**

27. Mr. Jimenez-Garcia has a final removal order. As a statutory and constitutional matter, Respondents may not remove Mr. Jimenez-Garcia to a third country, besides Mexico, without first providing him notice of that country and a formal opportunity to present evidence regarding his fear of persecution or torture in that third country. *See BRAYAN ALEXANDER LOPEZ-RIVAS v. ERNESTO SANTACRUZ, JR., et al.*, No. 5:26-CV-02169-AYP, 2026 WL 1288651, at *9 (C.D. Cal. May 7, 2026); *Emer Rivas Quijada v. Fereti Semaia et al.*, No. 5:26-CV-01540-AB-DSR, 2026 WL 1182196, at *7 (C.D. Cal. Apr. 20, 2026).

28. INA § 241(b)(3)(A) provides that "the Attorney General may not remove [a noncitizen] to a country if the Attorney General decides that the [noncitizen's] life or freedom would be threatened in that country because of the [noncitizen's] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). Despite the use of the word "may," this provision establishes a mandatory prohibition, not a discretionary one. *See Camposeco-Montejo v. Ashcroft*, 384 F.3d 814, 819 (9th Cir. 2004).

29. Because these protections are mandatory, the government must provide a meaningful procedural mechanism for noncitizens to assert fear-based claims prior to removal to any third country. The governing regulations reflect this requirement. *See* 8 C.F.R. §§ 208.31(b), 241.8(e); *Ortiz-Alfaro v. Holder*, 694 F.3d 955, 956 (9th Cir. 2012). These provisions use mandatory language, requiring that the noncitizen "shall be immediately referred" for a credible fear screening. 8 C.F.R. § 241.8(e). The purpose of this framework is to ensure that noncitizens are not removed without first receiving an opportunity to establish eligibility for protection from persecution or torture.

30. In *Andriasian v. INS*, 180 F.3d 1033 (9th Cir. 1999), the Ninth Circuit held that,

during removal proceedings, due process requires the government to notify noncitizens of the specific countries to which they might be removed, so that they have an opportunity to present evidence about possible threats to their life or freedom in those countries. "'Applying *Andriasian*, numerous district courts in this circuit have held that ICE's policy for third-country removals—which provides little to no notice of the country to which a noncitizen is to be removed and no meaningful opportunity to raise a fear-based claim—is incompatible with Ninth Circuit law and violates due process." *CRISTOBAL FRANCISCO ARREAZA SANCHEZ, Petitioner, v. JAMES JANECKA, et al., Respondents. Additional Party Names: Dep't of Homeland Sec., Immigr. & Customs Enf't*, No. 5:26-CV-04638-KES, 2026 WL 3122453, at *7 (C.D. Cal. Oct. 19, 2026) (collecting cases). The same law applies with equal force in Mr. Jimenez-Garcia's situation.

31. Pursuant to statute, regulation, and the Constitution, Respondents cannot remove Mr. Jimenez-Garcia to a third country, besides Mexico, absent first providing him with meaningful process, including notice and an opportunity to be heard regarding third country removal. To do otherwise would deprive him of his constitutional and statutory due process rights. *Hernandez-Gomez v. Semaia*, No. ED CV 26-1673-FWS(E), 2026 WL 1123471, at *3 (C.D. Cal. Apr. 22, 2026), *report and recommendation adopted*, No. 5:26-CV-01673-FWS-E, 2026 WL 1511078 (C.D. Cal. May 29, 2026) (enjoining third country removal in the case of an individual re-detained without due process and facing removal to a third country).

32. Courts in this district have ordered that Respondents must provide a petitioner like Mr. Jimenez-Garcia, who may be facing the prospect of third country removal, with adequate process prior to any such third country removal. For example, Respondents can provide Mr. Jimenez-Garcia with the following: "a. . . .a meaningful opportunity and a minimum of 10 days to raise a fear-based claim

for protection prior to removal; b. If Petitioner demonstrates a reasonable fear of removal to the third country, Respondents must move to reopen Petitioner's removal proceedings; and c. If Petitioner is not found to have demonstrated a reasonable fear of removal to the third country, Respondents must provide a meaningful opportunity and a minimum of 15 days for Petitioner to seek reopening of Petitioner's immigration proceedings." *CRISTOBAL FRANCISCO ARREAZA SANCHEZ, Petitioner, v. JAMES JANECKA, et al., Respondents. Additional Party Names: Dep't of Homeland Sec., Immigr. & Customs Enf't*, No. 5:26-CV-04638-KES, 2026 WL 3122453, at *9 (C.D. Cal. Oct. 19, 2026).

### C. Mr. Jimenez-Garcia Does Not Need to Exhaust Administrative Remedies Prior to Filing For Habeas Relief.

33. Exhaustion for habeas claims is prudential, not jurisdictional. *See Liang v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004). In any event, exhaustion would be futile in this case as Respondents have not provided Mr. Jimenez-Garcia with any process up to this point.

## VI. CLAIMS FOR RELIEF

### COUNT ONE (Re-detention with No Process) – Violation of the Fifth Amendment

34. The allegations in the above paragraphs are realleged and incorporated herein. The Due Process Clause of the Fifth Amendment forbids the government from depriving any "person" of liberty "without due process of law." U.S. Const. amend. V.

35. Following Petitioner's release from government custody on an order of supervision—including the period of release after the mandate issued in Petitioner's appeal to the Ninth Circuit Court of Appeals—Respondents were constitutionally required to provide Petitioner with notice and an opportunity to be heard prior to re-detaining him. Because they did not do so, Respondents must release him from custody immediately, to stop the ongoing violation of his rights.

**COUNT TWO (Re-detention with No Process) – Violation of the Immigration and Nationality Act**

20. The allegations in the above paragraphs are realleged and incorporated herein.

21. Following Petitioner's release from government custody on an order of supervision—including the period of release after the mandate issued in Petitioner's appeal to the Ninth Circuit Court of Appeals—Respondents were statutorily required to follow the procedure set out in 8 C.F.R. § 241 prior to re-detaining him. Because they did not do so, Respondents must release him from custody immediately, to stop the ongoing violation of his statutory and regulatory rights.

**COUNT THREE (Third Country Removal with No Process) – Violation of the Fifth Amendment and the Immigration and Nationality Act**

22. The allegations in the above paragraphs are realleged and incorporated herein.

23. To the extent that Petitioner's detention by Respondents is meant to facilitate removal to a third country, such removal violates the Constitution, the Immigration and Nationality Act, and its implementing regulations.

24. Prior to any such third country removal, Petitioner is entitled to notice and an opportunity to be heard regarding his fear of persecution or torture in the third country. The absence of any process prior to Respondents' attempt to remove him to a third country violates his statutory and constitutional rights.

## VII. PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully prays this Court grant the following relief:

1) Assume jurisdiction over this matter;
2) Declare that Petitioner's ongoing detention violates the Due Process Clause of the Fifth Amendment and Petitioner's statutory and regulatory due process rights;

3) Issue a Writ of Habeas Corpus and order Respondents to immediately release Petitioner from Respondents' custody under the original conditions of supervision;
4) Enjoin Respondents from removing Petitioner to any third country without notice and an opportunity to be heard regarding his fear of persecution or torture in that third country;
5) Award reasonable costs and attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, or on any other basis justified under law; and
6) Grant such further relief as the Court deems just and proper.

Respectfully submitted,

DATED: October 22, 2026

By /s/ *Ramanujan Nadadur*

Ramanujan Nadadur

Counsel for Petitioner

**Declaration of Ramanujan Nadadur**

1. I am counsel of record for Mr. Fabian Jimenez-Garcia. I am a member of the state bar of California and am admitted to practice in the District Court for the Central District of California. I provide this declaration to authenticate the attached exhibits.

2. Attached to this Habeas Petition as Exhibit A is a true and correct copy of the EOIR Automated Information, reflecting the status of Mr. Jimenez-Garcia's removal proceedings before the immigration agencies. I downloaded this information on October 22, 2026.

3. Attached to this Habeas Petition as Exhibit B is a true and correct copy of Fabian Jimenez-Garcia's employment authorization document.

4. Attached to this Habeas Petition as Exhibit C is a true and correct copy of the Memorandum Disposition issued in *Fabian JimenezGarcia v. Bondi*, Case No. 23-1287 (9th Cir. May 16, 2025).

5. Attached to this Habeas Petition as Exhibit D is a true and correct copy of the Ninth Circuit docket in Mr. Jimenez-Garcia's appeal. I electronically retrieved this document on October 22, 2026.

6. Attached to this Habeas Petition as Exhibit E are true and correct copies of Mr. Fabian-Garcia's I-220Rs, reflecting his check ins with Respondents over the last year.

7. Attached to this Habeas Petition as Exhibit F is a true and correct copy of the marriage certificate of Mr. Jimenez-Garcia.

8. Attached to this Habeas Petition as Exhibit G is a true and correct copy of the employment authorization issued to Mr. Jimenez-Garcia's wife, Karla Ramirez Urias. This employment authorization reflects she is in category C33, which is given to recipients of Deferred Action for Childhood Arrivals.

///

///

9. Attached to this Habeas Petition as Exhibit H is a true and correct copy of the birth certificates of Mr. Jimenez-Garcia's three U.S.-citizen children.

10. Attached to this Habeas Petition as Exhibit I are true and correct copies of good moral character letters written by family and friends of Mr. Jimenez-Garcia.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 22, 2026 at Los Angeles, California.

/s/ Ramanujan Nadadur
Ramanujan Nadadur